# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JACK GERALD SMITH,

    Plaintiff,

v.                              Case No. 5:09-CV-13979
                                 Honorable John Corbett O'Meara
                                 Magistrate Judge R. Steven Whalen

MIGUEL BERRIOS, et. al.,

    Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* and to pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* Complaint under "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 (1992).

For the reasons stated, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

Plaintiff is currently incarcerated at Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff's Complaint concerns the denial of parole on October 10, 2007 by Defendants, Michigan Parole Board Members, Barbara Sampson, Miguel Berrios, and John Schlinker. Plaintiff has also named as party defendants, Governor Jennifer Granholm and Attorney General Mike Cox. According to Plaintiff, he was improperly issued a 60-month parole pass over which has resulted in the denial of parole. He also argues that he was denied parole as a result of an erroneous parole guideline score and an "improper low average probability of being paroled" finding. Plaintiff further claims that the Defendants abused their authority in their biased and racially motivated decision to deny Plaintiff parole. Plaintiff filed a grievance from the Parole Board's decision denying him parole, which was also denied. A subsequent appeal of the grievance denial was also denied. Plaintiff sues the named Defendants for an unknown amount of "compensation."

## II. STANDARD OF REVIEW

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a vehicle for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 394

(1989)).

## III. DISCUSSION

### A. Plaintiff's 42 U.S.C. § 1983 Claims

### 1. Governor Jennifer Granholm & Attorney General Mike Cox

Plaintiff's is seeking monetary damages for liability arising under 42 U.S.C. § 1983. Defendant Jennifer Granholm and Defendant Mike Cox are state officials who are absolutely immune from suits for damages in their official capacities. See *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). The Court liberally construes Plaintiff's complaint as naming Defendants Granholm and Cox in their individual capacities as well, due to Plaintiff's demand for "compensation." Defendants Granholm and Cox are entitled to qualified immunity from damages in their individual capacities. See, e.g., *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982). Therefore, any potential relief against these Defendants is foreclosed by the applicable absolute and qualified immunities.

### 2. Michigan Parole Board Members
### Denial of Parole

Plaintiff claims that the Michigan Parole Board erroneously extended his time to be ineligible for parole consideration.

To the extent that Plaintiff is challenging the fact or duration of his confinement, the claim should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. See *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The United States Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged

3

unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); see also *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).

However, in *Wilkinson v. Dotson*, 544 U.S. 74, 80-81 (2005), the Supreme Court clarified that § 1983 remains available to a state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. While *Dotson* states that a challenge to parole practices and procedures can be presented in the context of a §1983 action, *Dotson*, for the most part, defines the parameters of *Heck*. In *Dotson*, the Supreme Court noted that the plaintiffs' successful challenges to the parole procedures would not necessarily result in their release, but rather, it would give them a new parole hearing, after which they might or might not be granted parole.

The fact that the *Dotson* Court found that *Heck*, in and of itself, did not prevent the respondents from bringing a § 1983 claim does not imply that Plaintiff's claim is immune from other grounds for dismissal. "As a consequence, under [*Dotson*], his success in the action would not necessarily demonstrate the invalidity of his constitutional confinement, so his action does not appear to be *Heck*-barred. Nevertheless, assuming that Plaintiff's action is cognizable under § 1983, it fails to state a claim as set forth herein." *Herron v. Caruso*, No. 1:05-CV-348, 2005 WL 1862036 at* 2, n. 1 (W.D. Mich. Aug. 2, 2005).

Plaintiff asserts that the Defendant Michigan Parole Board Members wrongfully denied

4

parole in his case. Plaintiff does not articulate the deprivation of any rights as a result of his parole denial; just that it was error for the parole board to issue a 60-month parole pass over; his parole guideline score was erroneous; and there was an improper finding regarding Petitioner's "probability of being paroled." Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7. Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (*en banc*), the Sixth Circuit, noting the broad discretionary powers of the Michigan procedural authorities to deny parole, held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. Significantly, none of the district court cases from this circuit holds that *Dotson* diminishes *Sweeton's* finding that "the State has not created a constitutionally protected liberty interest by enacting procedural rules." *Sweeton*, 27 F.3d at 1164-65 (internal citations omitted). See e.g., *Bridges v. Rubitschun*, No. 1:05-CV-624, 2005 WL 2656617 (W.D. Mich. Oct. 18, 2005); *Staunton v. Michigan Parole Bd.*, No. 1:05-CV-537, 2005 WL 2460117 (W.D. Mich. Oct. 5, 2005). Accordingly, Plaintiff has no liberty interest at stake, and therefore, fails to state a claim against the Michigan Parole Board Members. See *Sweeton*, 27 F.3d at 1164-65.

5

### 3. Amendment to Civil Rights Complaint

After filing his initial Complaint, Plaintiff filed an "Amendment to Civil Action" [Dkt. #6] generally stating that individuals are entitled to equal protection and freedom from discrimination. He further states that he has been denied equal protection of the law and his constitutional rights have been violated. This is the extent of Plaintiff's amendment to his Complaint.

In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under §1983; some factual basis for such claims must be set forth in the pleadings. *Lillard v. Shelby County Board of Education,* 76 F.3d 716, 726 (6th Cir. 1996); see also *Johnson v. Freeburn,* 29 F.Supp.2d 764, 767 (E.D. Mich. 1998) (conclusory unsupported allegations of a constitutional deprivation do not state a §1983 claim). Because a review of Plaintiff's entire amendment to his Complaint indicates that the allegations are conclusory and unsupported, the amendment does not save Plaintiff's Complaint from being dismissed. See e.g. *Payne v. Secretary of Treas.,* 73 Fed. Appx. 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); ("Neither this court nor the district court is required to create Payne's claim for her."); see also *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)(stating that "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right.") (emphasis in the original).

The Court cannot begin to speculate about each of the named Defendants' roles in the alleged violations of law in this case. Plaintiff fails to demonstrate what each of these Defendants did which

resulted in discrimination and an equal protection violation.

Although Plaintiff is not represented by counsel, his "*pro se* status does not excuse him from making specific factual allegations." *Davis v. Mich. Dep't. Of Corr.,* 746 F.Supp. 662, 667 (E.D. Mich. 1990) citing *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

### IV. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff failed to state a claim upon which relief may be granted. Accordingly,

**IT IS ORDERED** that Plaintiff's claims against Defendants are **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. §1915(a)(3); *Coppedge v. United States,* 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth,* 114 F.3d at 610-11.

s/John Corbett O'Meara
United States District Judge

Date: March 10, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 10, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager